People v Cadet (2021 NY Slip Op 50573(U))

[*1]

People v Cadet (Isabel)

2021 NY Slip Op 50573(U) [72 Misc 3d 126(A)]

Decided on June 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-612 N C

The People of the State of New York,
Respondent,
against
Isabel C. Cadet, Appellant. 

Jonathan Rosenberg, PLLC (Jonathan Rosenberg of counsel), for appellant.
Nassau County District Attorney (Daniel Bresnahan and Tammy J. Smiley of counsel), for
respondent.

Appeal from an order of the District Court of Nassau County, First District (Joseph B.
Girardi, J.), dated February 20, 2020. The order denied defendant's motion to seal the record of
her judgment of conviction.

ORDERED that the order is affirmed, without costs.
Insofar as relevant to this appeal, defendant pleaded guilty in 2008 to driving while
intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]), a misdemeanor. In 2020,
defendant moved, pursuant to CPL 160.59, to seal her conviction. The People did not oppose the
motion, which the District Court denied without conducting a hearing (see CPL 160.59
[6]). On appeal, defendant contends that the court improvidently exercised its discretion in
refusing to seal defendant's conviction of driving while intoxicated.
Upon a review of the record, we find that the District Court did not improvidently exercise
its discretion in denying defendant's motion (see CPL 160.59 [4], [7]; People v
Shrayef, 181 AD3d 936 [2020]). The court considered the nonexhaustive relevant factors
identified in CPL 160.59 (7) to make the discretionary determination that granting defendant's
motion to seal the conviction was not warranted, and we find no basis to disturb that
determination.
Accordingly, the order is affirmed.
GARGUILO, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER: 
Paul Kenny
Chief Clerk
Decision Date: June 17, 2021